**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FIRST PLACE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 25-CV-31-JFJ** |
| **v.** | ) | |
| | ) | |
| **OTIS ELEVATOR COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff First Place, LLC's ("First Place") Motion to Reconsider (ECF No. 90). First Place asks this Court to reconsider its Opinion and Order issued April 17, 2026, ("Sanctions Order") dismissing Plaintiff's claims against Defendant Otis Elevator Company ("Otis"), with prejudice. In support, First Place argues that Otis failed to produce certain documents that were responsive to First Place's interrogatories and requests for production ("RFP"), which should have been factored into the Court's dismissal analysis. Otis opposes the motion. (ECF No. 91). First Place filed a Reply (ECF No. 92), followed by a Supplement (ECF No. 93), which provides an update regarding First Place's attempts to obtain the documents at issue.[1]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In other words, "a motion for reconsideration is appropriate where the court has misapprehended

---

[1] Otis filed an objection to First Place's Supplement as procedurally improper. ECF No. 94. In the interest of expediency, the Court overrules Otis' objection and accepts the Supplement, which does not materially affect the Court's ruling. The Court cautions First Place to follow the Court's Local Rules regarding supplemental briefing in the future.

the facts, a party's position, or the controlling law." *Id.* However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

First Place contends that in June 2026, it uncovered new evidence warranting reconsideration. Specifically, First Place argues that it independently discovered that Otis had withheld discovery answers and documents related to a settlement between Otis and the Tennessee Valley Authority ("TVA") in mid-2025.[2] First Place argues that Otis should have produced such documents related to the TVA settlement in response to interrogatories and an RFP, rather than objecting to those discovery requests. First Place contends that objecting to the discovery requests reveals "particularly troublesome litigation misconduct to ensure that [Otis] could avoid producing the TVA files." ECF No. 90 at 4. The relevant interrogatories and RFP, and Otis' responses, are as follows:

> <u>INTERROGATORY NO. 4</u>: Identify all documents describing administrative and judicial filings (e.g. federal and state cases) against Otis for allegedly:
>
> a) breaching its contracts with customers by failing to maintain, inspect, repair, and/or adjust the elevator units under contract, and the numerous parts of the elevator units;
>
> b) failing to maintain a supply of frequently used replacement parts and lubricants necessary to meet its maintenance and service requirements; and
>
> c) failing to perform its responsibilities for all requirements imposed by federal, state, or local law, code, ordinance, or regulation.
>
> <u>ANSWER TO INTERROGATORY NO. 4</u>: Otis objects to Interrogatory No. 4 on the grounds that it seeks discovery which is overly broad, not proportional to the needs of this case and neither relevant nor likely to lead to the discovery of admissible evidence, as it seeks information about alleged other incidents that have no relation and are not at all probative to the facts of this case. Furthermore, the request may seek information protected by the attorney-client privilege and work

[2] First Place represents that it has now submitted requests pursuant to the Freedom of Information Act ("FOIA") seeking further documents and information from TVA, but it has not yet received any documentation.

> product doctrine, as it could encompass mental impressions of counsel and documents prepared in anticipation of litigation.
>
> INTERROGATORY NO. 5: Identify all documents describing administrative and judicial filings (e.g. federal and state cases) in which the plaintiffs in those cases terminated their maintenance and/or service, agreements with Otis because of the alleged breaches of contract by Otis.
>
> ANSWER TO INTERROGATORY NO. 5: Otis objects to Interrogatory No. 5 on the same grounds as stated in its Answer to Interrogatory No. 4.
>
> REQUEST FOR PRODUCTION NO. 12: All corporate policies, procedures, and best practices required by Otis for its employees, agents, and contractors related to elevator servicing, maintenance, and safety.[3]
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 12: Otis objects to the Request because it is overly broad, vague and ambiguous with regard to the term "best practices," unduly burdensome, and seeks information which is neither relevant nor proportional to the needs of the case. Otis further objects to the Requests because it may seek documents that are not within the custody and control of Otis.

ECF No. 90-3 at 4-5 (Interrogatory Responses); ECF No. 90-4 at 8 (RFP Responses).

In the Supplement filed August 18, 2026, First Place asserts that, in addition to withholding the documents, Otis attempted to obstruct First Place's efforts to obtain the TVA documents. By letter, Otis asked TVA to refrain from producing any responsive records until it has received notice of and an opportunity to object to certain portions of the proposed disclosure on grounds of privilege and/or confidentiality. ECF No. 93; ECF No. 93-6 (letter from Otis to TVA dated July 29, 2026); ECF No. 93-9 (letter from Otis to TVA dated Aug. 4, 2026).

The Court finds no grounds for reconsideration of the Sanctions Order. First, the information First Place learned in June 2026 about a settlement between Otis and TVA does not constitute "new evidence previously unavailable." To constitute "new evidence previously unavailable," the evidence must be: "(1) evidence arising after the initial ruling (in which event

[3] It is unclear to the Court whether this RFP would extend to the TVA documents.

the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier)." *Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1102 (10th Cir. 2006). Here, First Place argues Otis should have disclosed documents related to the 2025 settlement with TVA as responsive to its discovery requests. This evidence was available but not discovered at the time of the Court's initial ruling, and First Place must therefore show it diligently sought the evidence earlier. First Place did not diligently pursue such available evidence. Otis objected to the discovery requests that would have covered the TVA documents. First Place did not seek to compel responses over those objections and instead let the discovery period close without seeking a Court ruling on the objections. Therefore, the existence and non-production of the TVA documents does not constitute "new evidence previously unavailable," as argued by First Place.

Second, even if the existence of the TVA documents was considered "new evidence previously unavailable," the Court is not persuaded that Otis engaged in any litigation "misconduct" surrounding the documents that would have impacted the analysis in the Sanctions Order. Otis objected to the cited discovery requests on grounds of overbreadth and proportionality, among other grounds. Upon review of the interrogatories, which are for "other lawsuit" evidence with no time limitation, the Court finds that Otis' objections were not facially unreasonable or obstructive. Instead, they were routine relevance/overbreadth objections to requests for information not directly related to the facts of this case. As explained above, First Place did not seek to compel responses to those requests over Otis' objection.[4] The Court never issued a ruling

[4] Although First Place filed a motion to compel certain discovery responses from Otis in August 2025 (ECF No. 29), First Place withdrew the motion before the Court held a hearing or ruled on the motion (ECF No. 33).

on the objections, and it remained unclear whether the TVA documents were subject to disclosure under the standards set forth in Federal Rule of Civil Procedure 26(b). Consequently, Otis did not engage in any litigation misconduct, or even questionable conduct, by failing to produce them. Further, Otis' later conduct described in the Supplement, which includes sending two letters to the TVA requesting an opportunity to object to release of any confidential or privileged aspects of the file, also does not constitute "misconduct" that would have changed the Court's *Ehrenhaus* analysis or conclusions in the Sanctions Order. In short, First Place's argument that Otis' conduct amounts to "unclean hands" is not persuasive, and it does not alter the Court's consideration of the proportionality of the sanction imposed against First Place for its own intentional and bad-faith conduct.

For these reasons, the Court finds no grounds for reconsideration of the Sanctions Order, and First Place's Motion to Reconsider (ECF No. 90) is **DENIED**.

**SO ORDERED** this 24th day of August, 2026.



**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**