**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FIRST PLACE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 25-CV-31-JFJ** |
| **v.** | ) | |
| | ) | |
| **OTIS ELEVATOR COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff First Place, LLC's ("First Place") Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) and Stay Pending Appeal (ECF No. 86). First Place asks this Court to (1) certify its Opinion and Order issued April 17, 2026 ("Sanctions Order"), as a final order subject to immediate appeal and (2) stay this action pending appeal. Defendant Otis Elevator Company ("Otis") opposes the request to certify an immediate appeal but does not oppose a stay in the event of certification. ECF No. 88.

The Court assumes familiarity with the underlying facts and history related to the Sanctions Order (ECF No. 83). In the Sanctions Order, the Court dismissed First Place's claims against Otis with prejudice as a sanction for its bad-faith litigation misconduct, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and the Court's inherent equitable powers. Otis' counterclaim against First Place remains pending. First Place now asks the Court to certify the Sanctions Order as a final order under Rule 54(b) so that it may file an interlocutory appeal with the Tenth Circuit.

When an action presents more than one claim for relief, Rule 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54. "The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a

distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quotation omitted). However, "Rule 54(b) entries are not to be made routinely," and trial courts "should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Id.* at 1242 (quotations omitted). "[T]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in . . . multiple-claim situations at a time that best serves the needs of the litigants." *Id.* at 1241 (quotation omitted)

The Court must make two express findings to certify as judgment as final under Rule 54(b): that (1) the judgment is final; and (2) there is no just reason for delay of entry of its judgment. *Stockman's Water Co. v. Vaca Partners*, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005). Courts entering a Rule 54(b) certification should "clearly articulate their reasons and make careful statements based on the record supporting" both determinations of "finality" and "no just reason for delay." *Id.* (quotation omitted). In making these determinations, the district court should weigh "Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Id.* (citations omitted). The district court should consider factors including "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, the first element of "finality" is satisfied. A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*,

446 U.S. at 7 (quotation omitted). A district court should certify a judgment under Rule 54(b) only when "the claims resolved are distinct and separable from the claims left unresolved." *Niemi v. Lasshofer*, 770 F.3d 1331, 1341-42 (10th Cir. 2014). The Sanctions Order, which dismissed all of First Place's claims in this case with prejudice, is final, because the Court fully disposed of First Place's claims as a sanction under Fed. R. Civ. P. 37. While the dismissed claims are factually and legally intertwined with Otis' counterclaim against First Place, dismissal was predicated on distinct and separable issues apart from those involved in First Place's substantive claims and Otis' counterclaim. Appeal of the Sanctions Order would address whether the Court correctly applied Rule 37 in dismissing First Place's claims with prejudice as a sanction. If certification is granted, the appeal would relate not to the merits of the case, but to whether this Court abused its discretion in dismissing First Place's claims with prejudice.

However, the second element of "no just reason for delay" of the appeal is not satisfied. The Court acknowledges that delay of First Place's appeal could result in multiple trials and a waste of judicial resources in the event that the Sanctions Order is reversed or modified on appeal. However, the Court finds that avoiding further delay in resolving Otis' counterclaim is a "just reason" for delaying the appeal. Because First Place requests a stay of this case during any interlocutory appeal, such appeal would likely delay the proceedings before this Court. Otis opposes immediate certification, arguing that First Place's own bad-faith conduct resulted in the terminating sanction, and any hardship from delay in appealing would not be inequitable to First Place. The Court agrees. Otis should not be forced to wait to resolve its claims, particularly where the Sanctions Order was the result of First Place's own misconduct. *See Radian Asset Assur. Inc. v. Coll. of the Christian Bros. of New Mexico*, No. CIV 09-0885 JB/DJS, 2011 WL 10977180, at *64 (D.N.M. Jan. 24, 2011) ("If the Court certifies every claim dismissed, litigation would be

brough to a halt. Unless the issue is seriously in doubt, the Court should resolve all issues before sending the case to the Court of Appeals; the district court should avoid sending issues piecemeal to the court of appeals."). Any hardship First Place would suffer from delaying appeal is countered by the hardship Otis would suffer from delaying resolution of its counterclaim. Considering all equities and the interest of justice, the Court finds that avoiding piecemeal appeals and proceeding expeditiously to trial on the remaining claims outweigh the risk of duplicative trials. In short, the Court finds the equities of this case favor delay of appellate review of the Sanctions Order until Otis' counterclaim is resolved.

First Place's Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) and Stay Pending Appeal (ECF No. 86) is **DENIED**.[1] The Court will enter a Third Amended Scheduling Order governing the remainder of the case.

**SO ORDERED** this 24th day of August, 2026.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

[1] Because the Court does not grant Rule 54(b) certification, First Place's additional request to stay the case pending appeal is moot.